IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09CV88-MR

| | |
|---|---|
| JOHNNIE MAE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | AND ORDER |
| v. ) | |
| ) | |
| NORTH CAROLINA ) | |
| EMPLOYMENT SECURITY ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (document #15) and "Defendant's Memorandum of Law in Support of Motion to Dismiss" (document #16) filed August 3, 2009 and Plaintiff's "Motion for Amendment" (document #17) filed August 11, 2009. The pro se Plaintiff has not filed a brief in opposition or otherwise responded to Defendant's Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below, and that Plaintiff's Motion for Amendment be denied, as discussed below.

1

## I. FACTUAL AND PROCEDURAL HISTORY

On November 3, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against on May 20, 2008 because of her age in violation of the Age Discrimination in Employment Act of 1967, as amended. Plaintiff alleges that an employee of Defendant North Carolina Employment Security Commission, Sheila Hemphill, denied her entry into the WIA Adult Services Program because Hemphill said that "people age 50 and over have strokes and we want people to be successful in the program." (Charge attached to Complaint). The EEOC issued Plaintiff a Dismissal and Notice of Rights letter dated November 12, 2008 notifying Plaintiff that she had the right to file a lawsuit against Defendant based on her charge and that it "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (emphasis in original). (Notice attached to Complaint). In her Complaint, the Plaintiff admits that she received the notice of right to sue on November 12, 2008. (Complaint ¶C.4.).

Plaintiff filed this action on March 6, 2009, that is, 114 days after she received the EEOC's notice of right to sue. The form complaint had several jurisdictional grounds listed, one of which was 29 U.S.C. §§ 626(c)(1) and 626(e), which pertains to the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") which was the basis of Plaintiff's charge to the EEOC. The form complaint also alleges jurisdiction under Title VII of the Civil Rights Act of 1964 as amended for employment discrimination, specifically under 42 U.S.C. §2000e-5, and 42 U.S.C.§1981 et seq. Defendant filed an Answer asserting several defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure including lack of subject matter jurisdiction (Rule 12(b)(1)), failure to state a

claim upon which relief may be granted (Rule 12(b)(6)), and failure to file her action within the applicable statutory time periods or statute of limitations (Seventh Defense).

On August 3, 2009, Defendant filed its "Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)". Plaintiff has not responded to Defendant's Motion to Dismiss. On August 11, 2009, Plaintiff filed a "Motion for Amendment" requesting to amend her complaint to include an additional charge of defamation against Defendant. Theses motions are now ripe for determination.

## II. **DISCUSSION OF CLAIM**

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

One of the jurisdictional prerequisites for filing a Complaint under the ADEA and Title VII is the filing of a lawsuit based on the Charge of Discrimination within ninety (90) days from the date of receipt of the EEOC right to sue letter. 42 U.S.C. § 2000e- 5(f)(1); 29 U.S.C. § 626(e). When the actual date of receipt is established by the evidence, that date is used to determine the start of the

ninety-day period. Taylor v. Potter, 355 F. Supp.2d 817, 819 (M.D.N.C. 2005). A claimant who fails to file a complaint within the ninety-day statutory time period generally forfeits his right to pursue his claim. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984).

Plaintiff admits in her Complaint that she received the right to sue letter on November 12, 2008. (Complaint ¶C.4.). By calculating ninety (90) days from November 12, 2008, Plaintiff's right to sue expired on February 10, 2009. Plaintiff did not file her Complaint until March 6, 2009, twenty-four (24) days late. Plaintiff's ADEA and Title VII claims are therefore time-barred as a matter of law and the undersigned respectfully recommends that the Defendant's Motion to Dismiss be granted.

In view of the legal sufficiency of Defendant's Motion to Dismiss on this first ground of argument, the undersigned need not consider Defendant's alternative arguments.

With regard to Plaintiff's Motion for Amendment, since the Plaintiff's claims are time-barred as a matter of law, the undersigned respectfully recommends that the Plaintiff's Motion for Amendment be denied.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all Discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (document #15) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED**.

Signed: August 28, 2009

David S. Cayer
United States Magistrate Judge