# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-cr-00088-W

| | |
|---|---|
| **JOHNNIE MAE ROBINSON,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  **ORDER** |
| **NORTH CAROLINA EMPLOYMENT SECURITY COMMISSION,** | ) ) ) ) |
| Defendant. | ) ) ) |

THE MATTER is before the Court on Plaintiff's Motion to Reassign Case (Doc. No. 23), filed September 21, 2009. In her motion, Plaintiff requests the Court to reassign the instant case because the undersigned presided over a civil action involving Plaintiff in November 2008. Plaintiff contends that this constitutes a "conflict of interest" and contends that she does not believe the undersigned can be impartial in the case at bar.

Generally, 28 U.S.C. § 455 governs the disqualifications of a judge and provides that a judge should disqualify himself when, among other reasons, his impartiality might be questioned or he has a personal bias or prejudice concerning a party. See 28 U.S.C. § 455 (a), (b)(1). In construing the *pro se* Plaintiff's motion broadly, she appears to be arguing both of these reasons warrant recusal by the undersigned judge in this case.

In considering whether a judge's impartiality might be questioned, an "objective reasonableness" standard applies and "is not to be construed to require recusal on spurious or loosely based charges of partiality." McBeth v. Nissan Motor Corp. USA, 921 F. Supp. 1473, 1477 (D.S.C. 1996).

In evaluating whether a personal bias of prejudice exists, "More frequently it is said that a claim of 'personal bias and prejudice' exists whenever the affiant is able to state facts supporting his reasons for the alleged bias and prejudice. Conclusory allegations charging the judge with improper conduct do not constitute the required 'statement of facts' and therefore cannot justify disqualification." Duplan Corp. v. Deering Milliken, Inc., 400 F. Supp. 497, 514 (4th Cir 1975) (citations omitted). "Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. U.S., 510 U.S. 540, 554 (1994). Moreover, denial of a motion to recuse is appropriate "if the complaint is merely based upon the judge's rulings in the instant case or related cases . . . ." Shaw, 733 F.2d at 308 (citing United States v. Carmichael, 726 F.2d 158, 160-61 (4th Cir.1984)).

Here, Plaintiff's mere assertion that the undersigned "heard my former case" against Presbyterian Hospital is insufficient to warrant recusal under 28 U.S.C. § 455 for either impartiality or bias. Indeed, in Plaintiff's former case, she received several favorable rulings on motions and in trial proceedings. See Robinson v. Presbterian Wound Care Center, et. al., 3:07-cv-00021 (W.D.N.C.). Additionally, Plaintiff provides no further explanation or evidentiary support for her accusation that the undersigned cannot be impartial in the case now before the Court.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reassign Case (Doc. No. 23) is DENIED. The Clerk's office is DIRECTED to send a copy of this Order to the pro se Plaintiff at her address of record.

IT IS SO ORDERED.

Signed: September 29, 2009

Frank D. Whitney
United States District Judge