# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-cr-00088-W

| | |
|---|---|
| JOHNNIE MAE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NORTH CAROLINA EMPLOYMENT ) | |
| SECURITY COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THE MATTER is before the Court on Plaintiff's Objection (Doc. No. 20) to the Memorandum and Recommendations (Doc. No. 19) issued by the Honorable David S. Cayer recommending the Court grant Defendant's Motion to Dismiss (Doc. No. 15). Defendant has responded to Plaintiff's objections (Doc. No. 21), after which Plaintiff replied (Doc. No. 22), and this matter is now ripe for review. For the reasons that follow, the Court OVERRULES Plaintiff's objections, ADOPTS the Memorandum and Recommendation ("M&R"), and GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the findings of fact contained in the M&R, and, upon de novo review, those findings appear to be supported by the record. Accordingly, that portion of the M&R entitled "Factual and Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein. In November 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging claims for age discrimination based upon Defendant's alleged failure to allow her entry into the Defendant's "WIA

Adult Services Program." On November 12, 2008, the EEOC dismissed Plaintiff's charge and provided her a Notice of Rights informing Plaintiff that she had the right to file suit against Defendant. The letter explicitly stated in bold print that any lawsuit Plaintiff intended to file based on her EEOC charge "**must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost." (Emphasis in original). Plaintiff instituted this suit by filing the complaint on March 6, 2009, which was 114 days after Plaintiff received the Right to Sue letter.

## II. STANDARD OF REVIEW

In addressing objections to an M&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987), <u>overruled on other grounds by</u> <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." <u>Aldrich v. Bock</u>, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); <u>see also</u> <u>Jones v. Hamidullah</u>, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]."). Upon careful review of the record, "the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, Plaintiff failed to respond to Defendant's motion to dismiss when it was before Magistrate Judge Cayer for disposition. Indeed, her document stating her "objections" now before this Court is her first response in opposition to the motion to dismiss. Although Plaintiff's "objections" are general arguments against dismissing her Complaint that the Court could generally disregard, see Battle, 834 F.2d at 421, the Court will apply de novo review to the M&R in its entirety because she is proceeding pro se and because this is her first response in opposition to the pending motion.

### III. ANALYSIS

Reading Plaintiff's objections liberally, she presents three reasons as to why the motion to dismiss should be denied: (1) Plaintiff was under a doctor's care at the time of filing the Complaint, which the Court surmises is her attempt to seek relief for the untimeliness of such; (2) Plaintiff has a factual basis to support her claims for discrimination, as well as her "defamation" claim, which was not set forth in the Complaint, but is the subject of a pending motion to amend (Doc. No. 17); and (3) Defendant has been unwilling to settle Plaintiff's claim outside of court.

The Court will first address the timeliness of Plaintiff's claims, since that is the basis upon which the M&R recommends granting the motion to dismiss. Here, it is uncontested that Plaintiff filed her Complaint well past the ninety-day deadline. Plaintiff does not dispute that she received the right to sue letter on November 12, 2008. She does, however, purport to offer an excuse for her tardiness - that she was under her physician's care.

> The time limit imposed by Title VII can be equitably tolled against the United States. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990). Some courts have in fact found that mental disability constitutes a valid reason for tolling the statute of limitations in cases based on federal law. See Nunnally v. MacCausland, 996 F.2d 1 (1st Cir. 1993); Llewellyn v. Celanese Corp., 693 F. Supp. 369 (W.D.N.C. 1988); and Moody v. Bayliner Marine Corp., 664 F. Supp. 232 (E.D.N.C. 1987). In order for the Title VII filing period to be equitably tolled by reason of a plaintiff's mental disability, the plaintiff generally must plead and prove that (1) his mental condition prevented him from filing during the specified period, and (2) this condition existed for a majority of the filing period. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451, 453 (7th Cir. 1990), cert. denied, 501 U.S. 1261, (1991). Plaintiff . . . carr[ies] a heavy burden in order for equitable tolling to apply against the government. See Irwin, 498 U.S. at 96.

Steele v. Brown, 993 F. Supp. 918, 921-22 (M.D.N.C. 1998). Here, Plaintiff has not met this heavy burden. Plaintiff has failed to show that any injury, disability, or other medical condition for which she was undergoing treatment during the ninety-day period for filing her claim was severe enough to prevent her from understanding her legal rights or acting upon them. See Steele, 993 F. Supp. at 922. Other than her bare assertion that she was "under [her] doctor's care," Plaintiff has provided neither allegations nor evidence to show she was incapable of pursuing her claims. Accordingly, the Court sees no reason why equitable tolling should apply in this case. Therefore, because Plaintiff filed her Complaint outside the ninety-day filing period, it is untimely and should be dismissed as such.

Because resolution of this objection is dispositive and results in the granting of the Motion to Dismiss the Complaint, the Court need not address the remaining objections. Suffice it to say, that neither of Plaintiff's remaining arguments provide a basis for rejecting the M&R or for denying the motion to dismiss.

Finally, because the Complaint is dismissed and because filing an amended Complaint would not cure the basis for dismissal, Plaintiff's Motion to Amend is DENIED AS MOOT. Similarly,

because the Complaint is dismissed, Plaintiff's Motion to Subpoena Expert Witnesses is also DENIED AS MOOT.

IT IS THEREFORE ORDERED that the Memorandum and Recommendations (Doc. No. 19) is hereby ADOPTED, Defendant's Motion to Dismiss (Doc. No. 15) is GRANTED, Plaintiff's Motion to Amend the Complaint (Doc. No. 17) is DENIED AS MOOT, and Plaintiff's Motion to Subpoena Expert Witnesses (Doc. No. 25) is DENIED AS MOOT. The Clerk is DIRECTED to CLOSE the case and send a copy of this Order to Plaintiff at her address of record.

IT IS SO ORDERED.

Signed: October 23, 2009

Frank D. Whitney
United States District Judge